**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| PATHWAYS YOUTH AND FAMILY SERVICES, INC., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No.: <u>1:16-cv-000</u>636 |
| MOLINA HEALTHCARE, INC., | § § | |
| Defendant. | § § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Pathways Youth and Family Services, Inc. files its Original Complaint for Injunctive and Other Relief against Defendant Molina Healthcare, Inc. and alleges as follows:

### NATURE OF THE CASE, JURISDICTION, AND VENUE

1.      This is a trademark infringement and unfair competition action arising from the Defendant's unauthorized use of the name and service mark PATHWAYS in a manner likely to cause confusion, deception, and mistake.

2.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) as it arises under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.* Jurisdiction over the state law causes of action is proper under 28 U.S.C. § 1338(b) because they assert claims of common law trademark infringement and unfair competition and are joined with substantial and related claims under the federal trademark laws.

3.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred here.

## PARTIES

4.      Plaintiff Pathways Youth and Family Services, Inc. ("PYFS" or "Plaintiff") is a nonprofit corporation organized under the laws of Texas, with its principal place of business at 222 Sidney Baker Street South, Suite 435, Kerrville, TX 78028-2105.

5.      Defendant Molina Healthcare, Inc. ("Defendant" or "Molina") is a corporation organized and existing under the laws of Delaware.  It is registered to do business in the State of Texas, and may be served with process through its registered agent in the State of Texas, Corporation Service Company, at its registered address of 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## BACKGROUND

6.      Since 1992, Plaintiff has been a leading provider of adoption, foster care, family counseling, assessment, behavioral and mental health services in Texas.  Plaintiff has spent over twenty years and considerable expense building its goodwill and reputation throughout the area in which it provides its services, including throughout Texas and in certain parts of Colorado, Illinois, New Mexico and the District of Columbia.  Plaintiff has consistently used the PATHWAYS mark in connection with its services, as well as in building signage, company correspondence, and in written materials provided to clients, state agencies, and the public. Through its continuous and extensive use of "PATHWAYS," the mark has become well-known among state agencies, Plaintiff's clients, insurance providers and in the community at large as signifying services affiliated with Plaintiff.

7.      In or around November 2015, Defendant acquired Providence Human Services, LLC and Providence Community Services, LLC (collectively "Providence").  Providence's behavioral and mental health service offerings heavily overlap with those provided by Plaintiff.

– 2 –

Following the acquisition, Defendant rebranded the Providence entities as "Pathways." Defendant's rebranding of Providence as "Pathways" has caused immediate, direct, and substantial confusion between Plaintiff and Defendant in the marketplace.

8.        Indeed, since Defendant began utilizing the PATHWAYS mark in Texas, there have been several instances of <u>actual confusion</u> between the two entities.  For example, Plaintiff received complaints from a parent of one of Defendant's patients who was upset that a "Pathways" therapist had failed to connect with several court-ordered therapy sessions with the parent's child.   There has also been confusion as to the affiliation of an employee of Defendant, as well as concerns expressed to Plaintiff regarding confusion about the two companies, and provider phone calls mixing up the two entities.  In addition, on a recent visit to the Texas State Capitol to testify at a Texas Health and Human Services Commission ("HHSC") hearing, Plaintiff's President, Dan Johnson, was approached by a State Senator asking if Plaintiff had been acquired by Defendant. When Mr. Johnson explained that Molina had acquired and rebranded Providence with the "Pathways" trade name and trademark, the Senator informed Mr. Johnson that this confusion needed to be remedied and that many of his colleagues were confused about the two "Pathways" entities.  These instances of confusion are not isolated and will certainly continue.

**COUNT I**
**UNFAIR COMPETITION BY USE OF**
**FALSE AND MISLEADING REPRESENTATIONS**
**15 U.S.C. § 1125(a)(1)(A)**

9.        Plaintiff repeats the allegations above as if fully set forth herein.

10.        The word and mark PATHWAYS is inherently distinctive.  In addition, as a result of Plaintiff's continuous and extensive use of the PATHWAY mark for over 20 years, the mark

– 3 –

**COMPLAINT**
1801237.3/SPA/10708/0116/053116

has become well-known as identifying Plaintiff's services in the areas in which Plaintiff operates.

11.      Defendant's use in commerce of the name and mark PATHWAYS in Plaintiff's service area is likely to cause confusion or mistake, deceive as to the affiliation, connection, or association of Defendant with Plaintiff, and to cause confusion and deceive as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff, all in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

12.      Defendant's acts as described above have been willful and are likely to cause confusion among the relevant purchasing public. This confusion unjustly enriches Defendant and constitutes irreparable harm to Plaintiff, which will continue unless Defendant is enjoined by this Court.

**COUNT II**
**COMMON LAW TRADEMARK INFRINGEMENT**
**AND UNFAIR COMPETITION**

13.      Plaintiff repeats the allegations above as if fully set forth herein.

14.      This Count arises under the common law of trademarks and unfair competition. Defendant's infringing use of Plaintiff's mark has caused confusion, mistake and/or deception and caused the public to believe that the services offered by Defendants are the same as those of Plaintiff, or that such services were authorized, endorsed, sponsored or approved by Plaintiff, or that Defendants were or are connected or associated with Plaintiff, thereby gaining an unfair advantage.

15.      Defendants' infringing use of the PATHWAYS mark constitutes willful and deliberate infringement of Plaintiff's common-law service mark.

– 4 –

**COMPLAINT**
1801237.3/SPA/10708/0116/053116

16.      As a direct and proximate result of Defendants' unlawful activities, Plaintiff has suffered injury and will continue to be injured in amounts to be determined according to proof. In addition, the activities of Defendant complained of herein have caused, and unless enjoined will continue to cause, substantial and irreparable harm to Plaintiff, its business reputation, and its goodwill, for which Plaintiff is without adequate remedy at law.

**COUNT III**
**UNJUST ENRICHMENT AND**
**REQUEST FOR ACCOUNTING**

17.      Plaintiff repeats the above allegations as if fully set forth herein.

18.      Defendant's use of the PATHWAYS name and mark has been willful and has unjustly enriched Defendant, in an amount to be determined at trial.  Plaintiff seeks a full accounting of all amounts received by Defendant from sales of services made using the PATHWAYS name and mark within Plaintiff's service area, and any other amounts by which Defendant has been unjustly enriched.

**REQUEST FOR ATTORNEYS' FEES**

19.      Defendant's continued acts of trademark infringement and unfair competition have been willful and deliberate.  This constitutes an "exceptional case" within the meaning of 15 U.S.C. § 1117(a), entitling Plaintiff to recover its fees and expenses.

**APPLICATION FOR**
**PRELIMINARY AND PERMANENT INJUNCTION**

20.       Plaintiff repeats the allegations above as if fully set forth herein.

21.      Defendant's actions as described above have caused and will continue to cause substantial and irreparable harm to Plaintiff for which there is no adequate remedy at law. Defendant's actions are likely to continue unless and until enjoined by this Court.  Plaintiff

– 5 –

**COMPLAINT**
1801237.3/SPA/10708/0116/053116

therefore asks that Defendant be enjoined, preliminarily during the pendency of this litigation, and thereafter permanently, from continuing in its infringing and unlawful acts as described above and prayed for below.

## JURY DEMAND

22.    Plaintiff demands a trial by jury.

## PRAYER

Plaintiff respectfully requests:

1) that this Court preliminarily and thereafter permanently enjoin Defendant, its parents, subsidiaries, officers, directors, employees, agents, licensees and franchisees, and all persons acting in participation or concert with Defendant from using the name and mark PATHWAYS in connection with Defendant's goods or services in any location where Plaintiff has acquired common law rights to the PATHWAYS mark;

2) that this Court order Defendant to account for any and all revenue derived as a result of marketing, selling, or promoting its services through and with Plaintiff's mark;

3) that Plaintiff have and recover compensatory and exemplary damages in an amount to be proven at trial, together with such fees and expenses as the Court may find reasonable and just, together with interest as provided by law and costs of court;

4) that Plaintiff have and recover its reasonable attorneys' fees in this behalf expended; and

5) that Plaintiff recover such further and other relief, legal or equitable, general or special, as the Court deems just and proper.

DATED May 31, 2016.

**COMPLAINT**
1801237.3/SPA/10708/0116/053116

Respectfully submitted,

STRASBURGER & PRICE, LLP


*/s/ Clint Rosenthal*
**CLINT ROSENTHAL**
State Bar No. 24037393
**DEREK QUICK**
State Bar No. 24072471
720 Brazos Street, Suite 700
Austin, Texas 78701-2974
Telephone: (512) 499.3600
Facsimile: (512) 499.3660
clint.rosenthal@strasburger.com
derek.quick@strasburger.com

**ATTORNEYS FOR PLAINTIFF PATHWAYS YOUTH AND FAMILY SERVICES, INC.**

**COMPLAINT**
1801237.3/SPA/10708/0116/053116